IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONTENDER FARMS, LLP, ET AL. | § | |
| | § | |
| VS. | § | ACTION NO. 4:16-CV-163-Y |
| | § | |
| UNITED STATES DEPARTMENT OF AGRICULTURE | § § | |

## ORDER REQUIRING AMENDED COMPLAINT

On February 29, 2016, Plaintiffs filed their original complaint in this action. After cursory review of the seventy-two page document, which was accompanied by five large binders of "additional attachments," the Court concludes that the pleading wholly fails to comply with Federal Rule of Civil Procedure 8(a).

Rule 8(a) requires:

(1) a short and plain statement of the grounds for the court's jurisdiction, . . . ;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought . . . .

If Plaintiffs' seventy-two page complaint, which contains 211 separately numbered paragraphs, contains a jurisdictional paragraph, it has been buried within a section of the complaint that is not so denominated. More troublesome, however, is the fact that **seventy-two pages** is hardly a "short and plain statement of the claim." Plaintiffs' complaint even includes an "introduction" and a "conclusion," and is thus more akin to a brief or even a novel than a pleading seeking relief from the Court. Cutting the pleading's length by half **or more** would be a **start** towards achieving the "short

and plain statement of the claim" that the rule contemplates.  And the complaint is wholly lacking a specific demand for relief, as there appears to be no prayer for relief at the end of the complaint.

Indeed, it appears that Plaintiffs have attempted to include within one document the complaint, an application for preliminary injunction, and a brief in support of same, but Plaintiffs wholly fail to distinguish between the three documents.  Furthermore, the complaint simply is not the place for such arguments or briefing, nor should the evidence in support of a motion be appended to the complaint.  Instead, Plaintiffs shall file an amended complaint that is solely that.  If they persist in their desire to seek preliminary relief from the Court, they may do so in the form of a separately filed motion, brief, and supporting appendix that complies with this Court's local civil rules.  *See* N.D. Tex. Civ. R. 7.1-7.2.

The undersigned judge has experience with the work product produced by the attorneys for the plaintiffs and, while those attorneys are quite competent, they typically produce voluminous pleadings, briefs, and appendices far in excess of the need.  Consequently, all of Plaintiffs' pleadings and briefs in this case will be stricken (and repleading or rebriefing will be ordered)if they are not concise and otherwise compliant with the federal and local rules.

As a result, Plaintiffs original complaint and "additional attachments" (docs. 1-5) are UNFILED.  If they so desire, Plaintiffs may retrieve the Court's copies of these documents in the Court's chambers within five days of this order or they will be discarded.

ORDER REQUIRING AMENDED COMPLAINT - Page 2
TRM/chr

Plaintiffs shall have until **March 31, 2016,** to file an amended complaint that complies with Rule 8 and this order. Failure to timely and completely comply with this order will result in the dismissal of Plaintiffs' claims. Additionally, Plaintiffs shall serve a copy of this order on Defendant, who has not yet been served with process or appeared.

    SIGNED March 3, 2016.

                                          TERRY R. MEANS
                                          UNITED STATES DISTRICT JUDGE