UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONTENDER FARMS, L.L.P., <u>et al.</u>, ) | |
| Plaintiffs, ) | Action No. 4:16-cv-0163-O |
| v. ) | |
| UNITED STATES DEPARTMENT OF ) AGRICULTURE, ) | |
| Defendant. ) | |

**PLAINTIFFS' (1) RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME [ECF NO. 47], (2) MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, (3) MOTION TO AMEND SCHEDULING ORDER [ECF NO. 43] AND (4) SUPPORTING BRIEF**

In this filing, Plaintiffs propose a way to move the case forward and avoid dilatory machinations that would keep the case pending far longer than necessary.[1] Plaintiffs' lawsuit has been pending seven months. Defendant failed to file a responsive pleading as required by FRCP 12(a)(2) and failed to respond to Plaintiffs' discovery requests as required by FRCP 34. These failures prevent Plaintiffs from reviewing any evidence the USDA might have supporting Plaintiffs' claims or the USDA's defenses. It precludes the Plaintiffs' from filing an amended complaint that takes into account the USDA's evidence, and it prevents Plaintiffs from filing a motion for summary judgment that could dispose of this case.

---

[1] As permitted by Local Rule 5.1(c), and as identified in the title, this filing by the Plaintiffs contains more than one response, motion or other paper.

1

Plaintiffs' motions and the response are interrelated and impact how this case can move forward in a timely fashion. In compliance with the current scheduling order, Plaintiffs request leave to file their Third Amended Complaint, which presents new facts and a new claim developed by Plaintiffs since the Second Amended Complaint was originally filed on April 20, 2016. Thus, the Third Amended may impact the Court's resolution of Defendant's Objections to Magistrate Ray's recommendation on Defendant's Motion to Sever.

Plaintiffs move to amend the scheduling order and request the court rule as follows:

1. Grant Plaintiffs' leave to file their attached Third Amended Complaint.

2. Order the USDA to timely answer the Third Amended Complaint within 14 days after it is filed and served, pursuant to Rule 15(a)(3). The USDA may include its 12(b) defenses in its answer.

3. Order the USDA to timely file the Administrative Record and proscribe time periods for Plaintiffs to supplement the record if necessary.

4. Allow Plaintiffs time to file an amended complaint that conforms to any evidence or record produced by the USDA, if necessary.

5. Order the parties file motions for summary judgment within a reasonable time after the complete record is before the court and the parties. The USDA may include any Rule 12(b) defenses raised in its answer.

The USDA's request for a 30 day extension to answer should be denied. Implied in Defendant's request for the extension is a proposed proceeding that will make this case last much longer than necessary and waste judicial resources. In support Plaintiffs would show:

**1.  Defendant's proposed conduct of the case leads to unnecessary delay and wastes judicial resources.**

Plaintiffs' First Amended Complaint was filed and served on Defendant on March 11, 2016. Under FRCP 12(a)(2) and 15 (A)(3), Defendant's answer or Rule 12(b) response was due 60 days after service of the original complaint, or "14 days after service of the amended pleading, whichever is later." Defendant's time to answer or respond expired on May 1, 2016. Instead, on

April 18, 2016, Defendant filed a motion to sever the claims of SHOW from those of the McGartlands. Defendant does not contend that its motion to sever is a Rule 12(b) motion that would permit it not answer.[2] Defendant did not move the court to be excused from its duty to answer or respond by May 1, 2016.

Ordinarily when a defendant fails to answer, a plaintiff could request that the clerk enter a default judgment, but not when the defendant is the government. FRCP 55(d) provides that a "default judgment may be entered against the United States…or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Here, Plaintiffs are reluctant to file a motion for a default judgment, reasoning that the Court would resist entering such an order without the administrative record before it. This case cannot advance toward final disposition until the administrative record is produced.

However, the USDA claims it will not produce the administrative record until this case gets beyond the pleading stage, stating it will produce the record after its Rule 12(b) motions are decided and when it is ready to file its motion for summary judgment.[3] (ECF No. 29, pp. 6, fn.4, and 7, ECF No. 34, p. 7, and ECF No. 42, pp. 8- 9("If that [12(b)(6)] motion is denied, USDA will file an administrative record regarding any final agency action issue").

There is no rule or statute that precludes the Plaintiffs from having and using the administrative record during the pleading stage. Indeed, this case cannot get beyond the pleading

---

[2] To the contrary, Defendant has repeatedly stated that it intends to file Rule 12(b) motions once its motion to sever is decided, including in its motion for leave to extend its time to answer. ECF 47, p. 2.

[3] In response to Defendant's contentions that the administrative record was the only evidence in the case and that the record would not be produced until the summary judgment stage, on May 9, 2016, Plaintiffs filed a Second Request for Production, seeking production within 30 days of the administrative record. (ECF No. 29, p. 9) Defendant did not respond to either discovery request as required by Rule 34, so Plaintiffs filed motions to compel production of the requested documents. (ECF Nos. 30-32) These motions are pending before Magistrate Ray.

stage without the record being made available to the Plaintiffs, who have a right to conform their pleadings to the evidence, including the evidence in the administrative record. *See* FRCP 15.

The USDA's intent to file a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction does not justify withholding the administrative record. In deciding a Rule 12(b)(1) motion, the court "may consider '(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Carroll v. Abide*, 788 F. 3d 502, 504 (5th Cir. 2015). It would be prejudicial error to rule on a Rule 12(b)(1) motion while at the same time allowing the government to refuse to produce what it considers the only relevant evidence in the case. The Plaintiffs have the burden to prove jurisdiction, and have a right to amend their pleadings to conform to the evidence the opposing party produces and to offer evidence if Plaintiffs decide it is necessary in responding to a Rule 12(b) motion.

Nor does the USDA's intention to file a Rule 12(b)(6) motion challenging whether Plaintiffs have stated a cause of action excuse production of the administrative record. Withholding the record denies the Plaintiffs the opportunity to amend their complaint to conform to the evidence. Further, FRCP 12(d) authorizes the Plaintiffs to move the Court to convert a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. Given that the Fifth Circuit has stated that "[a] motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted,'" *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 486, 498 (5th Cir. 2000), and recognizes that "[u]nder Rule 12(d), a district court may convert a motion to dismiss to a motion for summary judgment…," *Trinity Marine Products v. U.S.*, 812 F. 3d 481, 487 (5th Cir. 2016).

Plaintiffs should have the opportunity to move the Court to convert Defendant's Rule 12(b)(6) motion to a Rule 56 motion, thereby avoiding the unnecessary expense and delay that

would result from essentially redundant motions. But Plaintiffs can only file a Rule 12(d) motion, and file a Rule 56 summary judgment motion, if they have the USDA's administrative record.

This case will be further delayed by the USDA's refusal to produce the administrative record until it files a motion for summary judgment because Plaintiffs may have to move to supplement the record with evidence the government omits. Plaintiffs have no knowledge of what the Defendant will choose to include in the administrative record. Plaintiffs know the consequences of the USDA's decisions, i.e., they know the unauthorized policies the USDA adopted that led to the Agency's unlawful actions taken against the Plaintiffs.

The administrative record cannot consist solely of documents the agency cobbles together to support its position after the lawsuit is filed. Nor does the agency have "the right to designate whatever items it considered to be the administrative record." *Smith v. F.T.C.*, 403 F. Supp. 1000, 1008 (D. Del. 1975). In *Smith*, the agency "urged it was under no duty to submit to the Court or to its opponents all materials employed or relied upon" by the agency in taking the action subject to judicial scrutiny. But the court held: "This contention is unacceptable. Allowing administrative agencies to preclude judicial access to materials relied upon by an agency in taking whatever action is then being subject to judicial scrutiny would make a mockery of judicial review." *Id.*

The Fifth Circuit, in *Sierra Club v. Petterson*, 185 F.3d 349, 369 (5th Cir. 1999), recognizes an exception to the so-called "record rule" where

> an extra-record investigation by the reviewing court may be appropriate when there has been a strong showing in support of a claim of bad faith or improper behavior on the part of the agency decision makers or where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice. (quoting *National Audubon Soc'y. v. Hoffman*, 132 F. 3d 7, 14 ( 2d Cir. 1997 ).

Plaintiffs should be provided a reasonable time to review the administrative record before any of the USDA's Rule 12(b) or Rule 56 motions that might adversely affect them are decided. Plaintiffs would rightfully object to proceeding on any Rule 12(b) motions before the complete record has been provided, and the Court would have to address Plaintiffs' objections.  This delay can be avoided by the parties and the court having the complete record before them when the issues are decided.

If the Court were to adopt Defendant's proposed and preferred method of proceeding the case would likely proceed as follows:

> 1. The motion to sever would be granted, Plaintiffs' motion for leave to file their attached Third Amended Complaint would be denied and Plaintiffs would be ordered to replead by filing two amended Complaints in the two separate cases that would be pending in this Court.
>
> 2. Thirty days after Plaintiffs file the amended complaints, Defendant would file its Rule 12(b) motions, including a Rule 12(b)(3) motion alleging improper venue as to SHOW's severed claims and a Rule 12(b)(1) and (6) motion against the McGartlands this cause.  Possibly the new year has arrived by this time.
>
> 3. SHOW would object to the Rule 12(b)(3) motion on the ground it has been waived because it was not timely filed. See *Katz v. Lear Siegler, Inc.*, 5 F. 3d. 1502, *5-8 ((Fed. Cir. 1993), *cert. denied* 510 U.S. 1118 (1994). Defendant would respond in opposition and SHOW would reply.  The Court would take time to decide SHOW's objection. If SHOW lost, it would respond to the Rule 12(b)(3) motion, Defendant would reply, and the Court would take time to decide.
>
> 4. The McGartlands would file a motion in their case objecting to the Rule 12(b)(1) and (6) motion being decided before they have access to the administrative record, because this would deny them the right to conform their complaint and response to that evidence. Plaintiffs would request Defendant be ordered to produce the record. Defendant would respond, Plaintiffs would reply, and the Court would need time to decide.
>
> 5. If the record was produced, Plaintiffs would then move the Court to convert the Rule 12(b) motion to a Rule 56 motion for summary judgment. Defendant would respond in opposition, Plaintiffs would reply, the Court would take time to decide.
>
> 6. Possibly, the Court would decide to rule on the Rule 12 motions without the Plaintiffs having the benefit of reviewing the administrative record. If any of

>Plaintiffs' claims survived, Defendant would then file a motion for summary judgment and file the administrative record.
>
>7. Having just received the administrative record, Plaintiffs anticipate they might not accept the Defendants choice of documents that it includes in the record, and probably would file a Rule 56(d) motion, asking the Court to defer ruling until Plaintiffs have time to review and supplement the record. Defendant would respond in opposition, Plaintiffs would reply, the Court would decide.
>
>8. Finally, Plaintiffs would respond to Defendant's motion for summary judgment, to which Defendant would reply. Plaintiffs would file their motion for summary judgment, possibly in two separate cases in this court if SHOW's case is not transferred, Defendant would respond and Plaintiffs would reply.

There is a more expeditious way to proceed.

**2.    Leave to file Plaintiffs' Third Amended Complaint should be granted.**

The Scheduling Order requires Plaintiffs to amend their pleadings no later than October 17, 2016. (ECF No. 43)  To comply with that deadline, Plaintiffs seek leave to file their Third Amended Complaint, submitted with this filing.  It sets forth Plaintiffs' legal theories and factual claims, and makes clear that the Plaintiffs' claims arise out of the same transactions and occurrences in a way the prior complaints may not have. It differs from the Second Amended Complaint, which was filed and served with the motion for leave to amend on April 20, 2016. First, it includes facts arising after that date, including the USDA's unlawful actions in April and May 2016, determining that the McGartlands violated the HPA (which are not challenges to the underlying inspections that occurred long before the unlawful determination) and the unauthorized publication of the USDA's unlawful determinations and penalties on the Agency's website. Second, after the Second Amended Complaint was drafted, the Plaintiffs located the USDA's policies controlling the publication of its unlawful enforcement actions on its FOIA Electronic Reading Room lists. The Third Amended Complaint identifies those policies and contends they are unauthorized and unlawful.

Finally, the law on "final agency action" was subsequently clarified, adopting a pragmatic approach. *See U.S. Corps of Eng'rs v. Hawkes Co.*, ___ U.S. ___, 136 S. Ct. 1807 (2016), *Texas v. Equal Employment Opportunity Comm'n,* ___ F. 3d ___, No. 14-10949, 2016 WL 3524242 (5th Cir. June 27, 2016) and *Texas v. United States*, ___ F. Supp. 3d ___, No. 7:16-cv-00054-O, 2016 WL 4426495 ( N. D. Tex. August 21, 2016). The Third Amended Complaint conforms to these decisions in pleading "final agency action."

Rule 15(a) evinces a bias in favor of granting leave to amend. Leave should be granted unless there is a substantial reason to deny it, such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies or undue prejudice to the opposing party. None of those factors are present here. *See Martin's Herend Imports Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). It would be an abuse of discretion to deny the plaintiff leave to amend to reply to the defendant's motion based on the pleadings. *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 129 (5th Cir. 2015).

Further, there is no requirement a motion to sever be decided solely on the live pleading at the time the motion was filed. Even Rule 12(b) motions are not to be decided solely on the live pleading at the time the motion to dismiss is filed. If there is even a hint that the plaintiff thinks an amended pleading might cure some defect or shortcoming, leave should be given to file. *See Elliot v. Foufas*, 867 F.2d, 877, 882-83 (5th Cir. 1989) (Where plaintiff "stated that she was 'certainly willing to amend the complaint,'" the Fifth Circuit instructed the district court that the statement should have been construed as a motion for leave to amend her pleadings," which the "district court ha[d] never ruled [on], but should consider whether a further amendment would be in the interests of justice.") Plaintiffs have not simply hinted that they could file a complaint that would better show that their claims arise out of common transactions and occurrence, they are seeking

leave to file such an amended complaint. By allowing Plaintiffs to file the Third Amended Complaint justice is served, and it should save the Court's and the parties' time.

**3.     The scheduling order should be modified to expedite the case.**

The Third Amended Complaint was prepared without Plaintiffs having the benefit of reviewing the "administrative record," which Defendant contends contains "all of the relevant evidence" in this case. The government's refusal to produce the "administrative record" denies Plaintiffs the opportunity to conform a complaint to any admissible evidence. Plaintiffs may need to move to file a fourth amended complaint after review of the government's production so Plaintiffs' pleadings correspond to the evidence and present the merits of their claims. Plaintiffs contend it would be error to grant a Rule 12 motion in favor of the government while it is denying Plaintiffs the opportunity to amend based on documents the government claims to be relevant to the case.

Plaintiffs, in addition for leave to file their Third Amended Complaint, also move the Court to modify the Scheduling Order (ECF No.43). First, the Court should remove the requirement that Plaintiffs' motion to amend must be filed by October 17, 2016. Plaintiffs have complied with that directive by filing this motion, but the attached Third Amended was prepared without the benefit of the administrative record. Plaintiffs request the Court remove the limitation on filing a subsequent amended complaint until after Plaintiffs have had the benefit of reviewing and supplementing the administrative record. Imposing a deadline is unnecessary, because Plaintiffs will move as rapidly as possible.

Plaintiffs request that the Court amend the Scheduling Order to require the Defendant to file an answer to the Third Amended Complaint rather than permitting it to file Rule 12(b) motions. Rule 15(a)(3) allows 14 days after the amended pleading is filed and served. Defendant now has

a copy of that complaint and knows the Plaintiffs' case. Whether Plaintiff SHOW's claims are severed or not, Defendant would not be prejudiced on the merits by such an order. Defendant can include its Rule 12(b) claims in its answer, which can then be presented on the merits in its motion for summary judgment. This Court has the authority under FRCP 12(d) and (i) to convert a Rule 12(b) motion into a Rule 56 motion for summary judgment, and it should order the parties to proceed in that manner. The parties would then submit their motions and evidence supporting their pleadings, and the case would be resolved on the merits. Proceeding in this way is expeditious and cost effective, while preserving the parties' positions.

**4.     Conclusion**

The Court should deny the Defendant's request for a 30 day extension to answer or respond to the Third Amended Complaint. It should grant leave for Plaintiffs to file their Third Amended Complaint. The Court should require Defendant to answer the Third Amended Complaint within 14 days of its filing, as provided by FRCP 15(a)(3), allowing it to preserve their Rule 12(b) defenses in the answer. The Court should amend the Scheduling Order so as not to preclude the Plaintiffs an opportunity to amend their complaint until after the complete administrative record is produced. And the Court should amend the Scheduling Order to require Defendant to present its Rule 12(b)(1) and (6) in its answer and by a Rule 56 motion on the merits, as authorized by FRCP 12(d) and (i). The above procedure allows Plaintiffs to have their claims heard in a timely fashion.

Respectfully Submitted:

David Broiles  /s/Karin Cagle
2400 Indian Cove  1619 Pennsylvania Ave.
Fort Worth, Texas 76108  Fort Worth, Texas 76104
Phone: 817-246-7801  Phone: 817-721-5127
Email: davidbroiles@gmail.com  Email: kcaglelawyer@gmail.com
Texas State Bar No. 03054500  Texas State Bar No. 24043588

 For the Plaintiffs.

## CERTIFICATE OF CONFERENCE

I certify that I emailed a copy of the Third Amended Complaint to Mr. Wechlser on October 2, 2016, and I emailed him a copy of the requested relief stated on page two of the foregoing document on October 3, 2016.  He responded that the USDA is opposed to the requests.

/s/ Karin Cagle

## CERTIFICATE OF SERVICE

I certify that on filing this document, I served Defendant's counsel the foregoing document via ECF filing on October 3, 2016, to Peter Wechsler at peter.wechsler@usdoj.gov.

/s/ Karin Cagle
Karin Cagle