**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| CONTENDER FARMS, L.L.P., et al., Plaintiffs, v. UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant. | ) | Action No. 4:16-cv-0163-O |

**DEFENDANT'S MEMORANDUM (1) IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT, AND (2) IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

## INTRODUCTION

Plaintiffs' Response to Defendant's Motion for Extension of Time and Plaintiffs' Motion for Leave to File Third Amended Complaint (Pls.' Mot.) (ECF No. 58) is inherently contradictory. Both parties' objections to the Magistrate Judge's recommended decision on defendant's motion to sever the claims of plaintiff SHOW, Inc. from the First Amended Complaint due to misjoinder (ECF Nos. 46, 48) are fully briefed. Defendant requested an extension of time to respond to the Second Amended Complaint (ECF No. 47) so as to allow the Court to rule on those objections and thereby determine the scope of claims in the case before considering any proposed amendments. Plaintiffs simultaneously oppose that extension and seek leave to file a third amended complaint---an action that, if granted, would entirely moot the need for defendant to respond to the

Second Amended Complaint. Compounding these problems, plaintiffs also state that they "may need to file a fourth amended complaint." Pls.' Mot. at 9.

By repeatedly attempting to amend the pleadings, plaintiffs present a perpetually moving target, thereby impeding the orderly resolution of this case. Defendant cannot move to dismiss claims until the scope of those claims has been established. Once the Court has ruled on the parties' pending objections, and plaintiffs have filed any required amended pleading, defendant intends to file a motion to dismiss any remaining claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In the interests of judicial economy, and consistent with the prior orders in this case, the Court should deny plaintiffs' motion for leave to amend their Complaint for a third (and potentially a fourth) time.

## ARGUMENT

### I. Plaintiff's Request for Leave to File a Third (and Potentially a Fourth) Amendment Complaint Should Be Denied.

Although leave to amend a complaint shall be freely granted when justice so requires, see Fed. R. Civ. P. 15(a)(2), a court can deny leave to amend for several reasons, including "repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Marucci Sports, L.L.C. v. NCAA, 751 F.3d 368, 378 (5th Cir. 2014).

In the present case, the proposed amendments do not cure the joinder defects that form the basis for defendant's pending motion to sever, because plaintiffs continue to include allegations and claims by SHOW that do not arise out of the same transaction, occurrence, or series of transactions or occurrences. See Fed. R. Civ. P. 20(a). And, because SHOW's allegations and claims are interspersed throughout the complaint,

severing SHOW's claims will likely require plaintiffs to file an amended pleading. The parties' objections to the recommended decision on defendant's motion to sever have been fully briefed, and it is unclear why plaintiffs believe that further amendment is necessary prior to a final decision on that motion.

In addition, by seeking leave to file a sprawling 48-page Complaint that contains extensive legal argument, plaintiffs fail to cure deficiencies that have already been identified by this Court in plaintiffs' prior pleadings. Prior to the reassignment of this proceeding, the Court struck the original complaint for failure to comply with Fed. R. Civ. P. 8(a). See March 3, 2016 Order (ECF No. 10) at 1. Rather than being a short and plain statement of plaintiffs' claims as required under Rule 8(a), the original Complaint consisted of 72 pages plus attachments, contained improper argument, briefing, and evidence, and was "more akin to a brief or even a novel than a pleading seeking relief from the Court." Id. at 1-2. The Court thus "unfiled" the Complaint and directed plaintiffs to file an amended pleading that complied with Rule 8(a) and the Court's Order. Id. at 3. The Court further directed that, moving forward, "all of Plaintiffs' pleadings and briefs in this case will be stricken (and repleading or rebriefing will be ordered) if they are not concise and otherwise in compliance with the federal and local rules." Id. at 2.

Contrary to that directive, plaintiffs' newly-proposed Complaint is 48-pages long and "sets forth Plaintiffs' legal theories" and their contentions regarding defenses that plaintiffs anticipate may be raised in the future. Pls.' Mot. at 7-8. This Complaint thus has many of the same deficiencies as the original Complaint, which was rejected by the Court. Compounding these problems, plaintiffs also state that they "may need to file a *fourth* amended complaint." Id. at 9 (emphasis added). Plaintiffs should not be permitted

to continue amending the Complaint at this time, particularly when the proposed amendment does not cure the joinder defect and does not comply with the Federal Rules of Civil Procedure.[1]

## II. Defendant's Request for an Extension of Time Should be Granted.

Plaintiffs assert that defendant is the cause for purported delay in this case, that defendant failed to respond to the First Amended Complaint, and that defendant should be required to file an answer to the proposed third amended complaint.

As an initial matter, defendant timely filed a motion to sever in response to the First Amended Complaint, and was not required to file an answer at that time. See Pls.' Mot. at 3, 6 (citing Fed. R. Civ. P. 55(d)). See, e.g., Hegyi v. Gomez, C.A. No. 13-6430, 2014 WL 31670 (E.D. La. Jan. 3, 2014) ( filing a motion to sever claims prior to the answer date amounts to "defending" plaintiffs' claims under Rule 55(a)). Moreover, plaintiffs err in asserting that defendant has caused any purported delay. Plaintiffs commenced the case by filing an improper complaint, which was stricken. See ECF No. 10. After plaintiffs then filed a First Amended Complaint (ECF No. 11), defendant promptly moved to sever plaintiff SHOW's claims due to misjoinder under Fed. R. Civ. P. 20(a) and 21. See ECF No. 18. Even though defendant's motion to sever remains pending before this Court, see ECF No. 46 (defendant's objections to recommended decision), ECF No. 48 (plaintiffs' objections), plaintiffs have repeatedly sought to amend

[1] To the extent that plaintiffs may seek to *supplement* the First Amended Complaint with allegations and claims regarding subsequent occurrences or events, see Pls.' Mot. at 7, that could be done by filing a short supplemental pleading pursuant to Fed. R. Civ. P. 15(d), without revisiting the prior pleadings. Also, the filing of any such supplemental pleading should await the Court's ruling on the parties' objections to the recommended decision on defendant's motion to sever, since that ruling will determine the scope of claims in the case.

the Complaint before the Court has ruled on that motion. Plaintiffs' tactics have thus impeded an orderly resolution of this case.

Defendant has consistently stated its position to plaintiffs and this Court on the proper procedure for this case. Once the Court has ruled on defendant's objections to the recommended decision on its motion to sever SHOW's claims, and plaintiffs have filed any required amended pleading, defendant intends to move to dismiss the remaining claims for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, as is its right. See Fed. R. Civ. P. 12(b)(1), 12(b)(6). Should that motion be denied, defendant would, as with any case brought under the Administrative Procedure Act, then file the administrative record that would provide the basis for cross-motions for summary judgment. See 5 U.S.C. § 706. However, this case cannot proceed to that juncture when plaintiffs continue to amend the governing Complaint in this action.

## CONCLUSION

For these reasons, defendant requests that the Court deny plaintiffs' motion for leave to amend, and grant defendant an extension of time to respond to the Second Amended Complaint pending a ruling on defendant's objections to the recommended decision motion on USDA's motion to sever.

DATED: October 12, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOHN R. PARKER
United States Attorney

ERIC WOMACK
Assistant Director

*/s/ Peter T. Wechsler*
PETER T. WECHSLER (MA Bar)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov
Counsel for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to plaintiffs' counsel, Karin Cagle, at kcaglelaw@gmail.com, and David Broiles, at davidbroiles@gmail.com.

*/s/ Peter T. Wechsler*
PETER T. WECHSLER
United States Department of Justice
Civil Division, Federal Programs Branch
Email: peter.wechsler@usdoj.gov